# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF PUERTO RICO

| IN THE MATTER OF: | CASE NO. 09-07553 BKT |
| --- | --- |
| EL TELAR, INC, | LEAD CASE |
| EL TELAR FRANCHISE, CORP. | CASE NO. 09-07554 BKT<br><br>MEMBER CASE |
| MAXXIMA UNIFORMS, INC | CASE NO. 09-07556 BKT<br><br>MEMBER CASE<br><br>CHAPTER 11<br><br>SUBSTANTIVE CONSOLIDATION |

## REQUEST FOR PAYMENT OF ADMINISTRATIVE EXPENSES

TO THE HONORABLE COURT:

**COMES NOW**, the State Insurance Fund Corporation (hereinafter SIF), through the undersigned attorney, who pursuant to 11 U.S.C. 503 (b) (1) (A), most respectfully moves this Court to enter an order directing Debtor to the immediate payment of the administrative expense owed, as follows:

1. El Telar Franchise Corp., filed its voluntary petition for relief under the provisions of the Bankruptcy Code, 11 U S C., 1101, et seq., on September 8, 2009 under case number 09-07554 BKT 11.

2. Thereafter, the debtor has been in possession of and operating its business, and paying wages and salaries to its employees.

1

3. On November 20th, 2009, case number 09-07554 BKT 11 was substantively consolidated as member case in case number 09-07753 BKT 11, El Telar, Inc.

4. The Puerto Rico Workmen's Accident Compensation Act[1], (hereinafter, WAC), establishes a compulsory form of insurance to care and compensate employees injured, disabled or dead in work related situations, while insulating employers from liability for the accidents suffered by their employees[2].

5. The WAC is applicable to all employers employing one or more workmen or employees, whatever their wages may be[3].

6. Notwithstanding its continued status as employer within the scope of the WAC, Debtor owes $13,401.44 for unpaid Workers' Compensation Insurance accrued post petition over Policy Number 08-1-80-00969 and is therefore an uninsured employer (See Exhibit I)

7. Workers' Compensation Insurance Policy Premiums have been interpreted as taxes owed to governmental units within the scope of the Bankruptcy Code and therefore allowable and payable as administrative expenses under the provisions of 11 U.S.C. 503.[4]

8. Its payment is a necessary cost or expense of preserving the estate in as much as it is a mandatory requirement of doing business in Puerto Rico. The lack of payment thereof renders the employer liable not only for the payment of the premiums owed and for the costs and expenses incurred in the treatment and rehabilitation of its injured

---

[1] Act No. 45 of April 18, 1935 as amended
[2] Act No. 45 of April 18, 1935, Section 20 – Exclusiveness of Remedy
[3] Act No. 45 of April 18, 1935, Section 2 – Workmen and Employees Covered by this Act
[4] See In re Pan American Paper Mills, Inc., 618 F 2nd 159 (1st Circuit) 1980

employees, but also deprives the employer (Estate) from the immunity afforded by the WAC[5].

9. Pursuant to 11 U.S.C. 503 (b) (1) (A), the actual, necessary costs and expenses of preserving the estate shall be allowed after notice and a hearing

**WHEREFORE,** SIF most respectfully prays for the entrance of an Order allowing this claim for $13,401.44 as an administrative expense pursuant to 11 U.S.C 503 (b) (1) (A) and directing Debtor to the immediate payment thereof if no timely objection is filed

## NOTICE OF RESPONSE TIME

**Within Twenty (20) days after service as evidence by the certification – and an additional there (3) days pursuant to Fed. R. Bank. P. 9006(f) if you were served by mail – any party against whom this request has been served, or any other party to the action who objects to the relief sought herein, must serve and file an objection or other appropriate response to this request with the Clerk's Office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is timely filed within the time allowed herein, the paper will be deemed unopposed and the court may approve the same without further notice of hearing unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice otherwise requires.**

## CERTIFICATE OF ELECTRONIC FILING AND SERVICE

**I HEREBY CERTIFY** that on this day, I electronically filed this document through the CM/ECF system, which will send notification of such filing to Mrs Monsita

---

[5] Act No. 45 of April 18, 1935, Section 15 – Uninsured Employer

3

Lecaroz Arribas, US Trustee; the debtor through its attorney Mrs. Carmen D. Conde Torres, Esq., and to all interested participants of CM/ECF.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this June 18th, 2010.

**/s/ ALEJANDRO A. SUAREZ CABRERA**
USDCPR 204203
PO BOX 365028
SAN JUAN, PR, 00936-5028
TEL. (787) 797-5959 EXT. 5693
FAX: (787) 774-8465
Alejandro.Suarez@cfse.gov.pr
aasuarezcabrera@yahoo.com

```
ESTADO DE SITUACION - DATOS PRELIMINARES        FECHA 2010/06/18   HORA 10:05

NUM.POLIZA/AÑO: 0818000969 - 2010   FEC.REND.   1901-01-01   NUM CARGO 10102
NOMBRE PATRONO: EL            TELAR           FRANCHISE
FFAC 2009-11-06 CORP                          DEVOLUCION              .00
SISTEMA DE MERITO :          .00    0       CR AGRICOLA               .00
AD/CR ANO ANTERIOR:     8,195.51 AD      IND FACTURACION   LIQUIDADO FACT
     *----- A PAGAR ------*  *--------------- PAGADO --------------*  *- BALANCE -*
SEM  FECHA    IMPOSICION          PAGADO   FECHA       REMESA
 1 10-01-08    10,798.48             .00 01-01-01      01185           10,798.48
 2 10-02-22     2,602.96             .00 01-01-01      01185            2,602.96




TOTAL:        13,401.44              .00                                13,401.44
DETALLE :     13,401.44              .00
STATUS DE QUIEBRA: DESDE   1901-01-01   HASTA   1901-01-01

PF2-RIESGOS PF3-SALIDA  PF5-DAT FIN PF6-PAGOS  PF7/PF8-OJEAR  PF9-LOCAL
```